IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES G. WEBBER,** | : CIVIL NO. 1:12-CV-2558 |
| **Plaintiff** | : |
| v. | : |
| **CAROLYN W. COLVIN, Acting Commissioner of Social Security,** | : |
| **Defendant** | : |

# **M E M O R A N D U M**

Before the court is Plaintiff's motion to alter or amend judgment entered in this court on January 2, 2014. (Doc. 19.) The challenged order granted judgment against Plaintiff in favor of the Commissioner of Social Security. (Docs. 17 & 18.) For the reasons set forth below, the motion will be denied.

Plaintiff argues that the court misconstrued the Administrative Law Judge's ("ALJ") finding on the issues of moderate difficulties with concentration, persistence, or pace. The ALJ found as follows:

> [Plaintiff] *has had* moderate difficulties with concentration, persistence, and pace; *but he has not had any episodes of decompensation of an extended duration*.

(Doc. 17 at 27.) In reviewing the ALJ's findings, the court stated that:

> Clearly, the plain language of the ALJ's decision demonstrates that the adjudicator found that Plaintiff had moderate difficulties in his ability to sufficiently sustain focused attention commonly found in work settings, but does not demonstrate that the adjudicator found the limitations still existed. Indeed, the evidence of record does not support a finding that Plaintiff had, as of the date he was adjudicated, moderate difficulties with concentration, persistence, or pace.

(Doc. 17 at p. 26.)  Plaintiff argues that the use of "has had" is the present perfect tense which is used "to express actions . . . that began in the past and continue in the present." (Doc. 20 at 3.)  Plaintiff further argues if the ALJ had only used the word "had," he would have been referring to limitations which existed in the past but no longer existed. (*Id.*)

In an imperfect world, the present perfect tense is used less than perfectly.  Accordingly, word combinations take on a common sense usage, or colloquialisms; thus, " has had" –  to many speakers – means past tense.  In any event, the "has had" finding is qualified by the last clause, "but has not had any episodes of decompensation of an extended duration," which implies there has not been any ongoing difficulties with concentration, persistence, or pace.

Furthermore, the ALJ incorporated Plaintiff's limitations by including in the hypothetical posed to the expert the restrictions of simple, routine, sedentary work tasks of an unskilled nature in a stable work environment.  This hypothetical adequately conveyed Plaintiff's limitations.  *See Menkes v. Astrue*, 262 F. Appx. 410, 412 (3d Cir. 2008).

Thus, this court did not misinterpret the findings of the ALJ.  An appropriate order will be issued.

                                                  s/Sylvia H. Rambo
                                                 United States District Judge

Dated:  May 22, 2014.